CORRIGAN, J.
(dissenting). I would grant defendant’s motion for rehearing. In Cowles v Bank West, 476 Mich 1, 20 (2006), the majority *1210 established that a statute of limitations may be tolled in a class action for a new claim that shares a “factual and legal nexus” with a previous, timely claim. Apart from my dissent to the rule itself, id. at 38 (Corrigan, J., dissenting), defendant’s motion for rehearing makes an excellent point that, even under the new rule, Karen Paxson’s claim that defendant violated § 1605 of the Truth in Lending Act (TILA), 15 USC 1605, does not share a factual and legal nexus with Kristine Cowles’s previous claims. Defendant argues that, because Paxson’s § 1605 claim alleges actual damages, the claim requires proof that class members detrimentally relied on a misreported finance charge. Defendant therefore argues that the § 1605 claim would require proof of facts that share no factual or legal nexus with Cowles’s previous claims and extend beyond the “evidence, memories, and witnesses” associated with the previous claims, which did not invoke the finance charge or class members’ reliance on it. Moreover, Justice Cavanagh’s concurrence does not adequately address this issue. The facts and legal theories alleged in Cowles’s complaints simply do not relate to the proofs required for Paxson’s claim that class members relied on an inaccurate finance charge, as defined by § 1605, and that their reliance on the charge actually caused them financial harm.
The majority also creates confusion by barring “overhead charges” from inclusion in a “bona fide” document processing fee under TILA. Cowles, supra at 37. As defendant argues in its motion for rehearing, some overhead charges are practically indistinguishable from the cost of document processing. In his concurring statement, Justice CAVANAGH seems to allow for the fact that some overhead costs can be attributed to “document preparation.” (“Contrary to the dissent’s suggestion, this is quite different from overhead directly attributable to document preparation.”) However, the majority opinion, which is the binding precedent, creates the impression that no overhead costs may be properly attributed to “document preparation.” Cowles, supra at 37 (“For example, if defendant charges $250 for its document preparation fee, but only $10 of that total fee represents actual document preparation services and the remainder represents, for example, overhead charges, the fee would not be ‘bona fide’ within the meaning of the TILA.”) Regardless of whether a question of fact exists on this issue as Justice Cavanagh suggests, the majority’s rule that all overhead charges must be excluded from a “bona fide” document processing fee reflects an ignorance of how financial institutions operate and unnecessarily harms struggling Michigan businesses. The majority should carefully reconsider its broad statement of this rule.
Accordingly, I would grant rehearing to clarify this latter point and to examine whether Paxson’s § 1605 claim truly shares a factual and legal nexus with Cowles’s earlier claims.
Taylor, C.J., and Young, J. We join the statement of Justice CORRIGAN.